UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAUL PALACIOS-DE PAZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:16-cv-03318-SEB-MPB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Raul Palacios-De Paz for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

#### *Background*

On February 19, 2015, Mr. Palacios-De Paz was charged in a one-count Indictment in the Southern District of Indiana. *United States v. Palacios,* 1:15-cr-0037-SEB-DML-1, Crim. Case, dkt. 15. Mr. Palacios-De Paz, after having been deported and removed from the United States to Mexico subsequent to a conviction for an aggravated felony, was found in the United States without consent to reapply for admission to the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). *Id*.

On June 9, 2015, Mr. Palacios-De Paz filed a Petition to Enter a Plea of Guilty. Crim. Case, dkt. 28. No plea agreement was filed.

On December 22, 2015, the Court held a change of plea and sentencing hearing. Crim. Case, dkt. 37. Mr. Palacios-De Paz was advised of his rights and the possible penalties. *Id*. The Court accepted the parties' Stipulated Factual Basis as an adequate basis for the plea and adjudged Mr. Palacios-De Paz guilty on Count 1 of the Indictment and of a supervised release violation. *Id*.

The Court sentenced Mr. Palacios-De Paz to 46 months' imprisonment on Count 1 and 10 months for the supervised release violation to run concurrent. *Id.* Mr. Palacios-De Paz's imprisonment was ordered to be followed by 3 years of supervised release. *Id*. The Court entered judgment of conviction on December 30, 2015. Crim. Case, dkt. 38.

On January 13, 2016, Mr. Palacios-De Paz filed a notice of appeal. Crim. Case, dkt. 40. Mr. Palacios-De Paz's counsel filed a motion to withdraw the appeal and the Seventh Circuit granted this request, finding the appeal frivolous. *See United States v. Palacios-De Paz*, 667 Fed. Appx. 547, 549 (7th Cir. July 22, 2016).

On December 8, 2016, Mr. Palacios-De Paz filed this motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Dkt. 1. The United States has responded and no reply was filed. The action is ripe for resolution.

*Issues*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). ). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." 28 U.S.C. § 2255(a). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal quotation omitted).

Mr. Palacios-De Paz brings three claims of ineffective counsel: 1) counsel failed to request a downward departure under the Fast-Track Program; 2) counsel failed to argue that his sentence was not substantially reasonable; and 3) counsel failed to file a motion pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.

*Discussion*

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Palacios-De Paz to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

To succeed with a claim of ineffective assistance of counsel, a petitioner must show both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[W]e apply a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Anderson v. United States,* 865 F.3d 914, 921 (7th Cir. 2017) (internal

quotation omitted). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

Mr. Palacios-De Paz first claims that counsel was ineffective for not having him sentenced under the Fast Track Program. Fast-Track programs allow defendants in certain categories of cases, including immigration cases, to obtain a shorter sentence in exchange for a quick guilty plea and other conditions. *See United States v. Anaya-Aguirre,* 704 F.3d 514, 516 (7th Cir.2013). Mr. Palacios-De Paz argues that he met the criteria for the program by waiving his rights to bring a direct appeal and to bring a § 2255 action. *Id*. at 517 (all defendants seeking a fast-track sentence must promptly plead guilty, agree to the government's factual account of the offense, forfeit the right to file any Federal Criminal Rule 12(b)(3) motion, and waive the right to appeal and the right to challenge the conviction under § 2255, except for ineffective assistance of counsel claims). Mr. Palacios-De Paz did not waive his right to appeal. In fact, he filed a notice of appeal.

In addition, under the Fast Track Program, the United States Attorney has the discretion to deny participation if a defendant has prior violent felonies. *See* Memorandum from Deputy Attorney General James M. Cole to All United States Attorneys, Department Policy on Early Disposition or "Fast—Track" Programs (Jan. 31, 2012), p. 3, www.justice.gov/dag/fast-track-program.pdf. Mr. Palacios-De Paz has two prior felony drug convictions. Counsel was not ineffective by failing to request Fast Track consideration because Mr. Palacios-De Paz was not eligible for the program.

For his second claim, Mr. Palacios-De Paz argues that his sentence was substantially unreasonable under 18 U.S.C. 3553(a). This claim warrants little discussion because when considering appellate counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738

(1967), the Seventh Circuit held that any challenge to his sentence "would be frivolous." *Palacios-De Paz*, 667 Fed.Appx. at 548. The Seventh Circuit explained:

> The district court considered the sentencing factors in 18 U.S.C. § 3553(a), including the need to promote respect for the law given Palacio–De Paz's willful disregard of the federal statute barring his return to the United States. The court balanced Palacio–De Paz's history of criminal conduct and drug abuse against his recent efforts to be a presence in his daughter's life. Moreover, the court considered the need for incapacitation and specific deterrence for Palacios–De Paz who had reentered the United States illegally only eight months after having been removed.

*Id.* at 548-49.

Even construing this as a claim of ineffective assistance, it fails because Mr. Palacios-De Paz cannot show any deficient performance with regard to his sentence. "Counsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen,* 712 F3d 1090, 1104 (7th Cir. 2013).

Finally, Mr. Palacios-De Paz argues that counsel was deficient by not seeking a reduction in sentence under Amendment 782 to the United States Sentencing Guidelines. Contrary to Mr. Palacioz-De Paz' assertion, the Middle District of Alabama case upon which he relies did not lower a sentence in an illegal reentry case based on Amendment 782. *United States v. Estavillo-Avendano*, No. 1:13-cr-306-MHT, 2014 WL 4792595 (M.D. Ala. Sept. 24, 2014). Unlike Mr. Palacios-De Paz, Mr. Estavillo-Avendano had never been convicted of any drug offenses and he brought his family to the United States to escape threats from a dangerous drug cartel. Moreover, Amendment 782 lowered the base offense level for drug offenses, not for illegal reentry into the United States. "Refraining from a meritless sentencing argument cannot be characterized as objectively unreasonable." *Faucett v. United States,* 872 F.3d 506, 512 (7th Cir. 2017).

None of Mr. Palacios-De Paz' claims have merit. Accordingly, he is not entitled to relief for ineffective assistance of counsel.

*Denial of Hearing*

An evidentiary hearing is "not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). A district judge does "not need to conduct an evidentiary hearing to determine that counsel was not ineffective in declining to raise a meritless issue." *Sullivan v. United States*, 877 F.3d 337, 341 (7th Cir. 2017). That is the case here. A hearing is not warranted under these circumstances.

*Conclusion*

The foregoing shows that Mr. Palacios-De Paz is not entitled to relief pursuant to 28 U.S.C. § 2255. His motion for relief pursuant to § 2255 is therefore **DENIED.** Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Palacios-De Paz has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:15-cr-0037-SEB-DML-1.**

**IT IS SO ORDERED.**

Date: 3/21/2018

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

RAUL PALACIOS-DE PAZ
41227-424
Inmate Mail/Parcels
D. RAY JAMES
PO BOX 2000
FOLKSTON, GA 31537